UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amusemints, LLC,                                                 Civil No. 11-3210 (DWF/AJB)

          Plaintiff,

v.                                                                              MEMORANDUM
                                                                          OPINION AND ORDER
Webb Candy Company,

          Defendant.

_____

Brock P. Alton, Esq., and Daniel A. Beckman, Esq., Gislason & Hunter LLP, counsel for Plaintiff.

Galen E. Watje, Esq., and Steven C. Moore, Esq., Watje & Moore, Ltd, counsel for Defendant.

_____

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Webb Candy Company ("Defendant"). (Doc. No. 3.) For the reasons set forth below, the Court grants Defendant's motion as to Counts One, Two, and Three of Plaintiff's Amended Complaint.

# BACKGROUND

Plaintiff Amusemints, LLC ("Plaintiff") and Defendant both sell, among other items, personalized mint tins. (Doc. No. 29, Am. Compl. ¶ III.) Both Plaintiff and Defendant claimed ownership over the marks "Impulsemints" and "Impulse Mints" (the

"Marks"). (*Id.*) Defendant obtained a registered trademark in the name "Impulse Mints" on July 14, 2009 (the "Registered Mark"). (*Id.*)

In a prior action, Plaintiff sued Defendant as a garnishee in Minnesota state court (the "Initial Action"), alleging that Defendant engaged in trademark infringement through its use of the Marks in connection with the sale of personalized mints and tins. (*Id.* ¶¶ IV-V.) The parties settled the Initial Action and executed a Settlement Agreement on June 21, 2011 (the "Settlement Agreement"). (*Id.* ¶ VI.) Plaintiff alleges that as part of the settlement, Defendant agreed to "give up any claim or right to the trademark Impulsemints or Impulse Mints," and that Defendant also agreed to assign the Registered Mark to Plaintiff. (*Id.*) The assignment of the Registered Mark was signed on June 29, 2011, and was recorded with the USPTO in July 2011. (*Id.*) Plaintiff further alleges that Defendant has continued to use the Marks in commerce in connection with the sale of personalized mints. (*Id.* ¶ VII.)

Plaintiff filed this action on October 31, 2011, alleging infringement of a registered mark under 15 U.S.C. § 1114 (Count I), violation of section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) (Count II), and violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 ("MDTPA") (Count III). (Doc. No. 1, Compl.) On November 22, 2011, Defendant brought a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 3.) On February 16, 2012, Plaintiff filed a motion to amend its complaint (Doc. No. 16), seeking leave to add a claim of breach of contract based on Defendant's continued use of the Marks in violation of the Settlement Agreement. By Order dated April 4, 2012,

the Court granted Plaintiff leave to amend its Complaint. (Doc. No. 28.) Plaintiff filed its Amended Complaint, which adds a fourth count for Breach of Contract. (Doc. No. 29.) The Amended Complaint is now the operative complaint in this action.

## DISCUSSION

### I. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

## II. Trademark Infringement Claims (Counts One, Two, and Three)

Defendant argues that Plaintiff's claims for trademark infringement should be dismissed because Plaintiff has not alleged that it has used the Marks; therefore Plaintiff has no rights in the Marks and there can be no diversion of goodwill or likelihood of confusion to sustain an infringement claim.[1]  Plaintiff argues that, as an assignee of the Marks, it stepped into the shoes of the assignor and obtained the right to sue for infringement without the need to establish its own use of the Marks.

Plaintiff alleges trademark infringement under the Lanham Act and the MDTPA.  Specifically, Plaintiff alleges Defendant is liable under both sections 1114 and 1125(a)(1)(A) of the Lanham Act.  To prevail on these claims, Plaintiff must demonstrate that it has a protectable right in the Marks and that there is a likelihood of confusion between its Marks and Defendant's use of allegedly infringing marks.  *See* 15 U.S.C. §§ 1114(1)(a) & 1125(a)(1); *see also Hubbard Feeds, Inc. v. Animal Feed*

---

[1] Defendant argues that Plaintiff has failed to allege that it has used the Marks in connection with the sale of its goods and that this omission is fatal to Plaintiff's trademark infringement claims.  In addition, Defendant submits that, in Plaintiff's response to interrogatories served in a case pending in state court, Plaintiff acknowledged that it has made no sales since the parties settled the Initial Action in June 2011.  (Doc. No. 8, Moore Aff. ¶ 2, Ex. 1.)  The Court need not consider these interrogatory responses to conclude that Plaintiff has not alleged that it has used the Marks.  Thus, the Court does not treat the motion as one for summary judgment.

*Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999); *Mars Musical Adventures, Inc. v. Mars, Inc.*, 159 F. Supp. 2d 1146, 1148 (D. Minn. 2001). Claims for deceptive trade practices under the MDTPA require the same analysis as claims under federal Lanham Act. *See Rainbow Play Sys., Inc. v. GroundScape Techs., Inc.*, 364 F. Supp. 2d 1026, 1039 (D. Minn. 2005).

Here, Plaintiff alleges that it owns, via assignment, the Marks. In addition, Plaintiff alleges that despite its agreement to give up any claim to the Marks, Defendant has continued to use the Marks in commerce. There appears to be no dispute, however, that Plaintiff is not currently using the Marks.[2] In order to prevail on any of its trademark infringement claims, Plaintiff must be able to establish a likelihood of confusion among customers. *See Aveda Corp. v. Evita Mktg., Inc.*, 706 F. Supp. 1419, 1427 (D. Minn. 1989). Use in commerce of an allegedly infringed mark is "the predicate to an assessment of the likelihood of confusion among customers to determine *present* infringement." *Schell & Kampeter, Inc. v. Minnesota Pet-Breeders, Inc.*, Civ. No. 3-92-678, 1993 U.S. Dist. LEXIS 19420, at *11 (D. Minn. 1993) (citing *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 503 (7th Cir. 1992)). Because Plaintiff does not allege that it is using the Marks, there cannot be a likelihood of confusion among

---

[2] Although it is not necessary to rely on the Wolf Affidavit, the Court points out that Plaintiff submits that it intends to use the Marks only after it can be certain that Defendant has stopped using the Marks. (Doc. No. 22, Wolf Aff. ¶ V.)

customers. *Id*. Accordingly, Counts One, Two, and Three of the Amended Complaint are properly dismissed[3] for failure to state a claim upon which relief can be granted.[4]

### III. Breach of Contract (Count Four)

The only remaining claim in the action is Plaintiff's claim for breach of the Settlement Agreement (Count Four). This claim appears to be the heart of the parties' dispute, and the Court is of the opinion that it would be worthwhile to require the parties to attempt to reach a resolution on this count. Accordingly, the Court directs the parties to contact Magistrate Judge Boylan within fourteen days to schedule a settlement conference to attempt to resolve the parties' dispute with respect to Count Four.

### CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [3]) is **GRANTED** with respect to Counts One, Two, and Three of Plaintiff's Amended Complaint (Doc. No. [29]).

2. Counts One, Two, and Three of Plaintiff's Amended Complaint (Doc. No. [29]) are **DISMISSED WITHOUT PREJUDICE**.

---

[3] Because Plaintiff could conceivably allege a claim for trademark infringement should it begin using the Marks, the Court dismisses the claims without prejudice.

[4] The Court declines to reach the issue of whether, as an assignee of the Marks, Plaintiff must allege its own use to claim a right in the Marks.

3. Within fourteen days, the parties shall contact Magistrate Judge Boylan's chambers to schedule an early settlement conference to attempt to resolve the parties' dispute with respect to Count Four.

Dated:  June 18, 2012                s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge